MARTCO, INC., Appellant,

v.

DORAN CHEVROLET, INC., Appellee.

No. 21065.

Court of Appeals of Texas, Dallas.

May 5, 1982.

Richard D. Pullman, Pullman & Schendle, Dallas, for appellant.

Keith E. Davis, Seay, Gwinn, Crawford, Mebus & Blakeney, Dallas, for appellee.

Before CARVER, STOREY and GUILLOT, JJ.

STOREY, Justice.

This is an appeal from a summary judgment granted in favor of Doran Chevrolet in a claim against, and in defense of a counterclaim brought by, Martco, Inc. Martco concedes the validity of the summary judgment as to Doran's claim, but contends that its response to Doran's motion for summary judgment raised a fact issue precluding summary judgment on the counterclaim. Doran, by cross-point, claims that the court erred in refusing to award attorney's fees in defending Martco's counterclaim. Disagreeing with all of these contentions, we affirm.

Doran Chevrolet is an automobile dealership from whom Martco occasionally purchased truck chassis to be built into trucks for particular uses for foreign and domestic clients. In purchasing one such truck chassis, Martco failed to pay. That failure is the subject of Doran's claim against Martco. Martco's claim against Doran involves, according to Martco's evidence, a complex financing arrangement for the purchase of 24 truck chassis upon assignments of letters of credit. Martco contends that the parties entered into such an agreement orally, and that their summary-judgment proof sufficiently established the existence of such a contract to preclude the entry of summary judgment. In support of the contract, Martco offers a writing which, it claims, satisfies the statute of frauds. The sufficiency of the writing is the key disputed question in this appeal.

The writing in question is on Doran Chevrolet stationery and is signed by Craig Arledge, apparently a sales agent for Doran. The memo is entitled: "Price Worksheet" and indicates that it is a "Competitive Equalization Request." It includes a quantity term (24), but indicates that it is for bid purposes: the only date on the memo is labelled "Bid Opening Date." The affidavit of Martco's own Vice-President confirms that this writing is not in confirmation of the contract but, in fact, formed the basis on which he later claims to have placed an order for the truck chassis. The writing clearly contemplates a contract to be made in the future. The facts and circumstances surrounding these events merely confirm that the writing is not a confirmation of a pre-existing agreement, but constitutes an offer for an agreement that was not entered into until much later, if at all. Our inquiry is whether such a writing will satisfy the statute of frauds.

Tex.Bus. & Com.Code Ann. § 2.201(a) (Vernon 1968), reads as follows:

Except as otherwise provided in this section a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought by his authorized agent or broker. A writing is not insufficient because it omits or incorrectly states a term agreed upon but the contract is not enforceable under this paragraph beyond the quantity of goods shown in such writing.

The statute requires that the writing be sufficient to indicate that a contract *has been made.* Although we are directed to no Texas case, authorities in other jurisdictions uniformly interpret this phrase to disqualify writings which contain "futuristic" language as not confirmatory of a contract already in existence. *Azevedo v. Minister,*

86 Nev. 576, 471 P.2d 661 (1970); *Harry Rubin & Sons, Inc. v. Consolidated Pipe Company of America, Inc.*, 396 Pa. 506, 153 A.2d 472 (1959); *Arcuri v. Weiss*, 198 Pa.Super.Ct. 506, 184 A.2d 24 (1962); *M. J. McCarthy Motor Sales Co. v. Van C. Argiris & Co.*, 78 Ill.App.3d 725, 33 Ill.Dec. 529, 396 N.E.2d 1253 (1979); *Nations Enterprises, Inc. v. Process Equipment Co.*, 40 Colo.App. 390, 579 P.2d 655 (1978); *First American Farms, Inc. v. Marden Mfg. Co.*, 255 So.2d 536 (Fla.Dist.Ct.App.1972); *In re Wearabouts, Inc.*, 4 U.C.C.Rep. 302 (N.Y.S.Ct.). *Cf. Oakley v. Little*, 49 N.C.App. 646, 272 S.E.2d 370 (1980), *and Conaway v. 20th Century Corp.*, 491 Pa. 189, 420 A.2d 405 (1980) (dealing with same subject under the statute of frauds provision for investment securities, § 8–319). As stated in Comment 1 to section 2.201, "[a]ll that is required is that the writing afford a basis for believing that the offered oral evidence rests on a real transaction." The contract shows, and the surrounding facts and circumstances confirm, that the writing does not rest on a real transaction, but that any real transaction between the parties was to be subsequent to the writing.

Doran Chevrolet pleaded its defense of statute of frauds. Martco failed in its burden to establish facts which would take the case out of the statute of frauds. *See Vehle v. Brenner*, 590 S.W.2d 147, 152 (Tex.Civ.App.—San Antonio 1979, no writ); *Hammonds v. Calhoun Distributing Co.*, 584 S.W.2d 473, 475 (Tex.Civ.App.—Texarkana 1979, writ ref'd n. r. e.). Accordingly, we hold that the trial court did not err in granting summary judgment.

█ We next turn to Doran Chevrolet's claim for attorney's fees. In this case, the parties stipulated that $900 was a reasonable fee for Doran Chevrolet in prosecuting its claim, that $3925 was a reasonable fee for defending against Martco's claim, and that $1500 was a reasonable fee at each state appellate level. The court awarded $900, and Doran Chevrolet contends that it is entitled to the sum agreed for defending Martco's claim. Doran relies on two recent opinions of this court in which we held that attorney's fees were recoverable for the defense of a claim under certain circumstances. *Wilkins v. Bain*, 615 S.W.2d 314 (Tex.Civ.App.—Dallas 1981, no writ); *Williamson v. Tucker*, 615 S.W.2d 881 (Tex.Civ.App.—Dallas 1981, writ ref'd n. r. e.). As stated in Wilkins, "when the same facts necessary for a claimant to recover serve to defeat an opponent's counterclaim, the entire amount of attorney's fees incurred can be said to have occurred in the prosecution of the claimant's cause of action." 615 S.W.2d at 316. In this case, Doran Chevrolet's claim is entirely independent of Martco's. Had Martco been successful in its claim for damages for breach of contract to supply 24 chassis, Doran Chevrolet's claim for the price of a single truck chassis arising from a distinct transaction would have been entirely unaffected. Accordingly, we hold that the trial court did not err in denying these attorney's fees.

Affirmed.