UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 92-1693

SOUTHWORTH MACHINERY CO., INC.,

Plaintiff, Appellee,

v.

F/V COREY PRIDE, ET AL.,

Defendants, Appellees,

ALL TRAWL, INC. AND ROBERT ANDERSON,

Defendants, Appellants.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Marianne B. Bowler, U.S. Magistrate Judge]

Before

Selya, Cyr and Boudin, Circuit Judges.

John H. Ronan for appellants.

D. Alice Olsen with whom Joseph A. Regan, Debra A. Joyce and

Morrison, Mahoney and Miller were on brief for appellees.

June 2, 1993

BOUDIN, Circuit Judge. On October 19, 1987, Southworth

Machinery, Inc. ("Southworth") filed in the district court an

admiralty suit in rem against the vessel F/V Corey Pride

("Corey Pride") and in personam against All Trawl, Inc. ("All

Trawl"), Robert Anderson, and James Corey for breach of

contract. All Trawl is a Massachusetts commercial fishing

corporation which owns the Corey Pride and Anderson is All

Trawl's president. James Corey is identified in Southworth's

complaint as either an agent or principal of All Trawl.

Southworth sought to recover a balance of $12,148.28 due

for its assembly and installation of a refurbished diesel

engine for the Corey Pride pursuant to an oral contract

between itself and Anderson. Shortly after the engine was

installed on the vessel by a Southworth employee, a fire

broke out on the Corey Pride while it was out at sea on a

fishing expedition. Claiming that the fire was caused by

defective engine parts and faulty installation, defendants

Corey Pride, All Trawl, and Anderson filed counterclaims

against Southworth for breach of contract, breach of express

and implied warranties, and breach of the Massachusetts

Consumer Protection Act, Mass. Gen. L. ch. 93A ("chapter

93A"). An additional claim for negligence was later asserted

at trial.

Southworth's claims against Anderson and James Corey

were dismissed without objection prior to trial. As a

-2-

result, James Corey was out of the case altogether and

Anderson continued only as a counterclaimant. The remaining

claims were tried in December 1990 before a magistrate judge

by consent of the parties. 28 U.S.C. 636(c). At the

conclusion of the trial, the magistrate judge found that

Southworth had breached express and implied warranties, its

duty of care, and chapter 93A in connection with its sale and

installation of the engine, and that these breaches caused

the fire aboard the Corey Pride. Specifically, the

magistrate judge found that the fire was caused by a

defective makeshift oil pressure line connected to the engine

and installed by Southworth's agent. All Trawl and Anderson

were awarded $38,509 in damages together with interest and

costs.

The magistrate judge declined to award multiple damages

under chapter 93A for willful or knowing violations of the

statute. The magistrate judge also declined to award

attorney's fees to All Trawl and Anderson under chapter 93A,

concluding that such an award would conflict with general

federal maritime law under which the parties bear their own

legal fees. Lastly, the magistrate judge held that All

Trawl was liable to Southworth for the $12,148.28 balance due

under the contract for the purchase of the engine, which

-3-

remained in workable condition after the fire and which the

Corey Pride continued to use.1

Judgment was entered by separate order on January 3,

1992. In this appeal, All Trawl and Anderson contend that

the magistrate judge erred in disallowing multiple damages

and attorney's fees and in holding All Trawl liable to

Southworth for the balance due under the purchase and sale

contract. Southworth has not appealed the judgment against

it.

We address at the outset a question concerning our

appellate jurisdiction. The judgment entered by the

magistrate on January 3, 1992, did not formally dispose of

all of the claims against all of the parties. See Fed. R.

Civ. P. 54(b). Accordingly, this court issued an order to

the parties raising the subject of our jurisdiction to

consider this appeal. Southworth responded with a motion to

dismiss the appeal, contending that the judgment was a

nonfinal and hence unappealable order. See 28 U.S.C. 1291.

Our subsequent review of the record has revealed that

certain claims omitted from the January 3 judgment were

dismissed prior to trial and others were disposed of in the

magistrate judge's written decision. The "separate document"

1The magistrate judge also held that Anderson was liable
for the balance of the purchase price. At oral argument in
this court, Southworth conceded that the judgment against
Anderson was incorrect since all claims against Anderson had
been dismissed before trial.

-4-

rule does not defeat appellate jurisdiction where a timely

appeal is filed and the parties do not suffer any prejudice

from the absence of a separate document entering judgment on

claims that were clearly disposed of in an earlier order.

Smith v. Massachussetts Dep't of Correction, 936 F.2d 1390,

1393-94 (1st Cir. 1991); Smith-Bey v. Hospital

Administrator, 841 F.2d 751, 756 (7th Cir. 1988).

The only seemingly unresolved matter that may be of

lingering interest to the parties is Southworth's in rem

claim against the Corey Pride under a maritime lien. The

magistrate judge's opinion did not explicitly address the in

rem claim. However, under 28 U.S.C. 1292(a)(3), we have

jurisdiction over interlocutory decrees in admiralty cases as

long as the order appealed from finally determines the rights

and liabilities of the parties on a particular claim or

issue. See Martha's Vineyard Scuba Headquarters, Inc. v.

Unidentified, Wrecked & Abandoned Steam Vessel, 833 F.2d

1059, 1062-64 (1st Cir. 1987). Since the claims involved in

this appeal were conclusively decided by the magistrate

judge, we have jurisdiction over them.

Turning to the merits, we affirm the magistrate's

disallowance of multiple damages under chapter 93A. Section

11 of chapter 93A governing business disputes provides for up

to three times the amount of actual damages for "willful or

knowing" violations of section 2, which prohibits unfair or

-5-

deceptive trade practices.2 Anderson and All Trawl premise

their claim for multiple damages on Southworth's failure to

adequately investigate the cause of the fire and to make a

reasonable settlement offer. This failure to fully

investigate, say Anderson and All Trawl, constituted a bad

faith response to their demand for relief under chapter 93A.

It is unclear whether section 11 permits recovery of

multiple damages under such a theory where bad faith is

proved. Section 9 provides for multiple damages where a

demand is refused in bad faith, but section 9 is by its terms

inapplicable (see note 2, above) and section 11 has no such

counterpart language. Massachusetts case law is murky as to

whether the bad faith refusal concept can be read into

section 11. Glickman v. Brown, 21 Mass. App. Ct. 229, 238 n.

7, 486 N.E.2d 737, 743 n. 7 (1985), expressly holds that the

bad faith response provision "has no application" to claims

governed by section 11. On the other hand, the Massachusetts

Supreme Judicial Court has employed language that may look

2Section 11 applies to claims brought by "[a]ny person
who engages in the conduct of any trade or commerce and who
suffers any loss of money or property . . . as a result of
[unfair competition or unfair or deceptive practices] by
another person who engages in any trade or commerce . . . ."
Mass. Gen. L. ch. 93A, 11. Section 9, which has a
different multiple damage provision, applies to "[a]ny
person, other than a person entitled to bring an action under
section eleven of this chapter . . . ." Mass. Gen. L. ch
93A, 9(1). There is no question that the parties here were
acting in a business context. At trial, Anderson testified
that he purchased the engine for business reasons.

-6-

the other way. International Fidelity Ins. Co. v. Wilson,

387 Mass. 841, 857, 443 N.E.2d 1308, 1318 (1983).

We need not pursue the issue because the magistrate

judge found that Southworth did not act in bad faith. The

magistrate judge agreed that Southworth did not conduct a

full investigation of the accident when rejecting liability

but found that this was due to its reasonable belief, after

some amount of investigation, that the cause of the fire was

electrical. Shortly after receiving notice of the fire,

Southworth sent its employee who had installed the engine to

investigate. The employee did not observe any problems with

the engine and reported that the fire was possibly caused by

an electrical failure. An electrician not associated with

Southworth had installed temporary wiring on the Corey Pride

days before the fire broke out.

All Trawl's own investigator determined that the fire

was caused by oil leaks from the engine but Southworth not

surprisingly chose to rely on its employee's assessment.

Based on this evidence the magistrate judge concluded that

Southworth's belief that it was not responsible for the fire

was "not unfounded," and thus its failure to conduct

additional investigation did not warrant multiple damages.

The magistrate judge's finding is supported by the record,

has not been challenged on appeal, and therefore ends the

matter.

-7-

We also affirm the magistrate judge's determination that

All Trawl is liable for the unpaid portion of the purchase

price of the engine. Because the engine was not damaged by

the fire aside from some minor paint peeling, All Trawl

decided to keep the engine for use on the Corey Pride. At

trial, Anderson testified that the engine was still in use

and that he was satisfied with its operation. Under section

2-607 of the Uniform Commercial Code,3 a buyer who accepts

goods is liable for the contract price, although the buyer

may recover damages resulting from any defect. 4 Anderson,

Uniform Commercial Code 2-607:15 (3d ed. 1983); Micromedia

v. Automated Broadcast Controls, 799 F.2d 230, 235-36 (5th

Cir. 1986).

All Trawl argues that the contract is a service contract

and therefore is not governed by the policies of the UCC's

sale of goods provisions. The magistrate judge found that

the predominant purpose of the contract was to provide an

engine and that the supply of labor was only incidental. See

Cambridge Plating Co., Inc. v. Napco, Inc., No. 92-2242,

3Although the contract (involving the sale and
installation of a rebuilt engine for use on an existing
commercial vessel) is maritime in nature and therefore
governed by general federal maritime law, 1 Friedell,
Benedict on Admiralty 186-87 (7th ed. 1993), the UCC is

considered a source for federal admiralty law. Interpool

Ltd. v. Char Yigh Marine, S.A., 890 F.2d 1453, 1459 (9th

Cir. 1989), amended, 918 F.2d 1476 (9th Cir. 1990); Clem

Perrin Marine Towing, Inc. v. Panama Canal Co., 730 F.2d 186,

189 (5th Cir.), cert. denied, 469 U.S. 1037 (1984).

-8-

slip. op. at 7 (1st Cir., April 22, 1993). In any event, by

retaining the engine and obtaining damages for the harm done

through misinstallation, All Trawl has been restored to the

position it would have been in had the contract been

performed. This is the general aim of suits for contract

damages, Farnsworth, Contracts 12.8, at 871 (2d ed. 1990),

and there is no reason why All Trawl should be placed in a

position even better than it would have obtained if

Southworth had flawlessly performed the original contract.

The remaining issue concerns attorney's fees under

chapter 93A. Prevailing claimants under chapter 93A are

ordinarily entitled to recover reasonable attorney's fees

incurred in connection with the chapter 93A claim. Mass.

Gen. L. ch. 93A, 11. Although finding that Southworth had

breached chapter 93A, the magistrate judge declined to award

attorney's fees. She reasoned that such an award would

conflict with federal maritime law under which the parties

pay their own fees absent bad faith or oppressive litigation

tactics. See Templeman v. Chris Craft Corp., 770 F.2d 245,

250 (1st Cir.) cert. denied, 474 U.S. 1021 (1985); Goodman v.

1973 26 Foot Trojan Vessel, 859 F.2d 71, 74 (8th Cir. 1988).

Under the "saving to suitors" clause, 28 U.S.C.

1331(1), claimants in an admiralty case are not restricted to

maritime relief but may also pursue remedies provided by

state law. E.g., Ellenwood v. Exxon Shipping Co., 984 F.2d

-9-

1270, 1279 (1st Cir. 1993). However, "the extent to which

state law may be used to remedy maritime injuries is

constrained by a so-called `reverse-Erie' doctrine which

requires that the substantive remedies afforded by the States

conform to governing federal maritime standards." Offshore

Logistics, Inc. v. Tallentire, 477 U.S. 207, 223 (1986).

Thus, where the subject-matter falls within the admiralty

jurisdiction, state law may `supplement' federal maritime law

but may not directly contradict it. Gilmore & Black, The Law

of Admiralty 1-17, at 49-50 (2d ed. 1975); Austin v.

Unarco Industries, Inc., 705 F.2d 1, 6 n. 1 (1st Cir.), cert.

dismissed, 463 U.S. 1247 (1983).

Pertinently, in Templeman, 770 F.2d at 250, we held that

a Puerto Rico rule providing for attorney's fees, although

part of the substantive law of the Commonwealth, was

inapplicable in an action cognizable in admiralty. This was

so, we noted, even though the underlying cause of action was

created by Puerto Rico law and federal court jurisdiction

happened to be based on diversity. Accord Sosebee v. Rath,

893 F.2d 54 (3d Cir. 1990) (Virgin Islands attorney's fees

statute; territorial jurisdiction); 1 Benedict on Admiralty

114, at n.2 (1993 Supp.) (approving Sosebee). See also

Carey v. Bahama Cruise Lines, 864 F.2d 201, 206-08 (1st Cir.

1988) (Massachusetts bar to recovery if plaintiff is more

-10-

than 50% negligent incompatible with admiralty rule that

contributory negligence only mitigates damages).

State statutes providing for attorney's fees may

sometimes be given effect in admiralty cases, notably, where

the attorney's fees are awarded incident to a dispute that is

not normally a subject of maritime law. For example, in Pace

v. Insurance Company of North America, 838 F.2d 572, 578-79

(1st Cir. 1988), we held that maritime law did not preempt a

Rhode Island cause of action allowing recovery of damages and

attorney's fees for an insurer's bad faith refusal to pay or

settle claims; the refusal to settle claims is normally left

untouched by maritime law. More recently, in Ellenwood, we

held that admiralty law likewise did not foreclose state

claims based upon state handicap discrimination statutes, for

maritime law did not address the subject of handicap

discrimination. 984 F.2d at 1280.

Turning to the case at hand, Southworth's liability

under chapter 93A was not predicated on any ground novel to

or unaddressed by maritime law. Rather, Southworth was found

liable as a result of its breach of its express warranty for

parts and workmanship incident to the repair of a ship, a

standard contractual breach to which maritime law has always

applied. See Zych v. Unidentified, Wrecked & Abandoned

Vessel, 941 F.2d 525, 531 (7th Cir. 1991). The conduct found

to violate chapter 93A falls squarely within the focus of

-11-

existing maritime law, and chapter 93A's attorney's fee

provision, being inconsistent with maritime law, cannot be

applied in this case.

Affirmed.