**Cheryl SMITH, Plaintiff–Appellant,**

v.

**TRINIDAD CORPORATION,
Defendant–Appellee.**

No. 91–16826.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 14, 1993.

Decided May 10, 1993.

Kenneth W. Rosenthal, San Francisco, CA, for plaintiff-appellant.

Norman J. Ronneberg, Rice, Fowler, Kingsmill, Vance, Flint & Booth, San Francisco, CA, for defendant-appellee.

Before GOODWIN, HUG and FLETCHER, Circuit Judges.

PER CURIAM:

Cheryl Smith appeals a summary judgment which denied her claim for loss of consortium in her action against the shipowner on whose vessel her husband sustained an injury. We affirm.

The Supreme Court in *Miles v. Apex Marine Corp.*, 498 U.S. 19, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990) precluded actions for loss of society under the Jones Act, 46 U.S.C.App. § 688, and general admiralty law. We agree with the district court that the Supreme Court's holding in *Miles* has changed the law, and that wives of injured mariners may no longer sue the ship for damages for their nonpecuniary losses, if any, caused by the injuries to the spouse.

The Fifth Circuit recently faced this same issue in *Murray v. Anthony J. Bertucci Constr. Co., Inc.*, 958 F.2d 127 (5th Cir.), cert. denied, — U.S. —, 113 S.Ct. 190, 121 L.Ed.2d 134 (1992), and held that *Miles* had effectively overruled earlier Fifth Circuit cases allowing wives of injured mariners to recover for loss of society and loss of consortium in their own actions filed under the Jones Act or under general admiralty law. *Id.* at 129–132. We agree with the Fifth Circuit's reading of *Miles* and affirm the summary judgment.

**AFFIRMED.**