**SOUTHWORTH MACHINERY CO., INC., Plaintiff, Appellee,**

v.

**F/V COREY PRIDE, et al., Defendants, Appellees,**

**All Trawl, Inc. and Robert Anderson, Defendants, Appellants.**

**No. 92–1693.**

United States Court of Appeals, First Circuit.

Heard Nov. 3, 1992.

Decided June 2, 1993.

John H. Ronan, Salem, MA, for appellants.

D. Alice Olsen with whom Joseph A. Regan, Debra A. Joyce and Morrison, Mahoney and Miller were on brief, for appellees.

Before SELYA, CYR and BOUDIN, Circuit Judges.

BOUDIN, Circuit Judge.

On October 19, 1987, Southworth Machinery, Inc. ("Southworth") filed in the district court an admiralty suit *in rem* against the vessel F/V Corey Pride ("Corey Pride") and *in personam* against All Trawl, Inc. ("All Trawl"), Robert Anderson, and James Corey for breach of contract. All Trawl is a Massachusetts commercial fishing corporation which owns the Corey Pride and Anderson is All Trawl's president. James Corey is identified in Southworth's complaint as either an agent or principal of All Trawl.

Southworth sought to recover a balance of $12,148.28 due for its assembly and installation of a refurbished diesel engine for the Corey Pride pursuant to an oral contract between itself and Anderson. Shortly after the engine was installed on the vessel by a Southworth employee, a fire broke out on the Corey Pride while it was out at sea on a

fishing expedition. Claiming that the fire was caused by defective engine parts and faulty installation, defendants Corey Pride, All Trawl, and Anderson filed counterclaims against Southworth for breach of contract, breach of express and implied warranties, and breach of the Massachusetts Consumer Protection Act, Mass.Gen.L. ch. 93A ("chapter 93A"). An additional claim for negligence was later asserted at trial.

Southworth's claims against Anderson and James Corey were dismissed without objection prior to trial. As a result, James Corey was out of the case altogether and Anderson continued only as a counterclaimant. The remaining claims were tried in December 1990 before a magistrate judge by consent of the parties. 28 U.S.C. § 636(c). At the conclusion of the trial, the magistrate judge found that Southworth had breached express and implied warranties, its duty of care, and chapter 93A in connection with its sale and installation of the engine, and that these breaches caused the fire aboard the Corey Pride. Specifically, the magistrate judge found that the fire was caused by a defective makeshift oil pressure line connected to the engine and installed by Southworth's agent. All Trawl and Anderson were awarded $38,509 in damages together with interest and costs.

The magistrate judge declined to award multiple damages under chapter 93A for willful or knowing violations of the statute. The magistrate judge also declined to award attorney's fees to All Trawl and Anderson under chapter 93A, concluding that such an award would conflict with general federal maritime law under which the parties bear their own legal fees. Lastly, the magistrate judge held that All Trawl was liable to Southworth for the $12,148.28 balance due under the contract for the purchase of the engine, which remained in workable condition after the fire and which the Corey Pride continued to use.[1]

Judgment was entered by separate order on January 3, 1992. In this appeal, All Trawl and Anderson contend that the magistrate

judge erred in disallowing multiple damages and attorney's fees and in holding All Trawl liable to Southworth for the balance due under the purchase and sale contract. Southworth has not appealed the judgment against it.

We address at the outset a question concerning our appellate jurisdiction. The judgment entered by the magistrate on January 3, 1992, did not formally dispose of all of the claims against all of the parties. See Fed. R.Civ.P. 54(b). Accordingly, this court issued an order to the parties raising the subject of our jurisdiction to consider this appeal. Southworth responded with a motion to dismiss the appeal, contending that the judgment was a nonfinal and hence unappealable order. See 28 U.S.C. § 1291.

■ Our subsequent review of the record has revealed that certain claims omitted from the January 3 judgment were dismissed prior to trial and others were disposed of in the magistrate judge's written decision. The "separate document" rule does not defeat appellate jurisdiction where a timely appeal is filed and the parties do not suffer any prejudice from the absence of a separate document entering judgment on claims that were clearly disposed of in an earlier order. *Smith v. Massachussetts Dep't of Correction*, 936 F.2d 1390, 1393–94 (1st Cir.1991); *Smith–Bey v. Hospital Administrator*, 841 F.2d 751, 756 (7th Cir.1988).

■ The only seemingly unresolved matter that may be of lingering interest to the parties is Southworth's *in rem* claim against the Corey Pride under a maritime lien. The magistrate judge's opinion did not explicitly address the *in rem* claim. However, under 28 U.S.C. § 1292(a)(3), we have jurisdiction over interlocutory decrees in admiralty cases as long as the order appealed from finally determines the rights and liabilities of the parties on a particular claim or issue. See *Martha's Vineyard Scuba Headquarters, Inc. v. Unidentified, Wrecked & Abandoned Steam Vessel*, 833 F.2d 1059, 1062–64 (1st Cir.1987). Since the claims involved in this

---

1. The magistrate judge also held that Anderson was liable for the balance of the purchase price. At oral argument in this court, Southworth conceded that the judgment against Anderson was incorrect since all claims against Anderson had been dismissed before trial.

appeal were conclusively decided by the magistrate judge, we have jurisdiction over them.

Turning to the merits, we affirm the magistrate's disallowance of multiple damages under chapter 93A. Section 11 of chapter 93A governing business disputes provides for up to three times the amount of actual damages for "willful or knowing" violations of section 2, which prohibits unfair or deceptive trade practices.[2] Anderson and All Trawl premise their claim for multiple damages on Southworth's failure to adequately investigate the cause of the fire and to make a reasonable settlement offer. This failure to fully investigate, say Anderson and All Trawl, constituted a bad faith response to their demand for relief under chapter 93A.

■ It is unclear whether section 11 permits recovery of multiple damages under such a theory where bad faith is proved. Section 9 provides for multiple damages where a demand is refused in bad faith, but section 9 is by its terms inapplicable (*see* note 2, *above*) and section 11 has no such counterpart language. Massachusetts case law is murky as to whether the bad faith refusal concept can be read into section 11. *Glickman v. Brown*, 21 Mass.App.Ct. 229, 238 n. 7, 486 N.E.2d 737, 743 n. 7 (1985), expressly holds that the bad faith response provision "has no application" to claims governed by section 11. On the other hand, the Massachusetts Supreme Judicial Court has employed language that may look the other way. *International Fidelity Ins. Co. v. Wilson*, 387 Mass. 841, 857, 443 N.E.2d 1308, 1318 (1983).

■ We need not pursue the issue because the magistrate judge found that Southworth did not act in bad faith. The magistrate judge agreed that Southworth did not conduct a full investigation of the accident when rejecting liability but found that this was due to its reasonable belief, after some amount of investigation, that the cause of the fire was electrical. Shortly after receiving notice of the fire, Southworth sent its employee who had installed the engine to investigate. The employee did not observe any problems with the engine and reported that the fire was possibly caused by an electrical failure. An electrician not associated with Southworth had installed temporary wiring on the Corey Pride days before the fire broke out.

All Trawl's own investigator determined that the fire was caused by oil leaks from the engine but Southworth not surprisingly chose to rely on its employee's assessment. Based on this evidence the magistrate judge concluded that Southworth's belief that it was not responsible for the fire was "not unfounded," and thus its failure to conduct additional investigation did not warrant multiple damages. The magistrate judge's finding is supported by the record, has not been challenged on appeal, and therefore ends the matter.

■ We also affirm the magistrate judge's determination that All Trawl is liable for the unpaid portion of the purchase price of the engine. Because the engine was not damaged by the fire aside from some minor paint peeling, All Trawl decided to keep the engine for use on the Corey Pride. At trial, Anderson testified that the engine was still in use and that he was satisfied with its operation. Under section 2-607 of the Uniform Commercial Code,[3] a buyer who accepts goods is liable for the contract price, al-

---

2. Section 11 applies to claims brought by "[a]ny person who engages in the conduct of any trade or commerce and who suffers any loss of money or property ... as a result of [unfair competition or unfair or deceptive practices] by another person who engages in any trade or commerce...." Mass.Gen.L. ch. 93A, § 11. Section 9, which has a different multiple damage provision, applies to "[a]ny person, other than a person entitled to bring an action under section eleven of this chapter...." Mass.Gen.L. ch. 93A, § 9(1). There is no question that the parties here were acting in a business context. At trial, Anderson testified that he purchased the engine for business reasons.

3. Although the contract (involving the sale and installation of a rebuilt engine for use on an existing commercial vessel) is maritime in nature and therefore governed by general federal maritime law, 1 Friedell, *Benedict on Admiralty* §§ 186–87 (7th ed. 1993), the UCC is considered a source for federal admiralty law. *Interpool Ltd. v. Char Yigh Marine, S.A.*, 890 F.2d 1453, 1459 (9th Cir.1989), *amended*, 918 F.2d 1476 (9th Cir.1990); *Clem Perrin Marine Towing, Inc. v. Panama Canal Co.*, 730 F.2d 186, 189 (5th Cir.), *cert. denied*, 469 U.S. 1037, 105 S.Ct. 515, 83 L.Ed.2d 405 (1984).

though the buyer may recover damages resulting from any defect. 4 Anderson, *Uniform Commercial Code* § 2–607:15 (3d ed. 1983); *Micromedia v. Automated Broadcast Controls,* 799 F.2d 230, 235–36 (5th Cir.1986).

All Trawl argues that the contract is a service contract and therefore is not governed by the policies of the UCC's sale of goods provisions. The magistrate judge found that the predominant purpose of the contract was to provide an engine and that the supply of labor was only incidental. *See Cambridge Plating Co., Inc. v. Napco, Inc.,* 991 F.2d 21, 24 (1st Cir., 1993). In any event, by retaining the engine and obtaining damages for the harm done through misinstallation, All Trawl has been restored to the position it would have been in had the contract been performed. This is the general aim of suits for contract damages, Farnsworth, *Contracts* § 12.8, at 871 (2d ed. 1990), and there is no reason why All Trawl should be placed in a position even better than it would have obtained if Southworth had flawlessly performed the original contract.

The remaining issue concerns attorney's fees under chapter 93A. Prevailing claimants under chapter 93A are ordinarily entitled to recover reasonable attorney's fees incurred in connection with the chapter 93A claim. Mass.Gen.L. ch. 93A, § 11. Although finding that Southworth had breached chapter 93A, the magistrate judge declined to award attorney's fees. She reasoned that such an award would conflict with federal maritime law under which the parties pay their own fees absent bad faith or oppressive litigation tactics. *See Templeman v. Chris Craft Corp.,* 770 F.2d 245, 250 (1st Cir.) *cert. denied,* 474 U.S. 1021, 106 S.Ct. 571, 88 L.Ed.2d 556 (1985); *Goodman v. 1973 26 Foot Trojan Vessel,* 859 F.2d 71, 74 (8th Cir.1988).

■ Under the "saving to suitors" clause, 28 U.S.C. § 1333(1), claimants in an admiralty case are not restricted to maritime relief but may also pursue remedies provided by state law. *E.g., Ellenwood v. Exxon Shipping Co.,* 984 F.2d 1270, 1279 (1st Cir.1993). However, "the extent to which state law may be used to remedy maritime injuries is constrained by a so-called 'reverse-*Erie*' doctrine which requires that the substantive remedies afforded by the States conform to governing federal maritime standards." *Offshore Logistics, Inc. v. Tallentire,* 477 U.S. 207, 223, 106 S.Ct. 2485, 2494, 91 L.Ed.2d 174 (1986). Thus, where the subject-matter falls within the admiralty jurisdiction, state law may 'supplement' federal maritime law but may not directly contradict it. Gilmore & Black, *The Law of Admiralty* § 1–17, at 49–50 (2d ed. 1975); *Austin v. Unarco Industries, Inc.,* 705 F.2d 1, 6 n. 1 (1st Cir.), *cert. dismissed,* 463 U.S. 1247, 104 S.Ct. 34, 77 L.Ed.2d 1454 (1983).

Pertinently, in *Templeman,* 770 F.2d at 250, we held that a Puerto Rico rule providing for attorney's fees, although part of the substantive law of the Commonwealth, was inapplicable in an action cognizable in admiralty. This was so, we noted, even though the underlying cause of action was created by Puerto Rico law and federal court jurisdiction happened to be based on diversity. *Accord Sosebee v. Rath,* 893 F.2d 54 (3d Cir. 1990) (Virgin Islands attorney's fees statute; territorial jurisdiction); 1 *Benedict on Admiralty* § 114, at n. 2 (1993 Supp.) (approving *Sosebee* ). *See also Carey v. Bahama Cruise Lines,* 864 F.2d 201, 206–08 (1st Cir.1988) (Massachusetts bar to recovery if plaintiff is more than 50% negligent incompatible with admiralty rule that contributory negligence only mitigates damages).

State statutes providing for attorney's fees may sometimes be given effect in admiralty cases, notably, where the attorney's fees are awarded incident to a dispute that is not normally a subject of maritime law. For example, in *Pace v. Insurance Company of North America,* 838 F.2d 572, 578–79 (1st Cir.1988), we held that maritime law did not preempt a Rhode Island cause of action allowing recovery of damages and attorney's fees for an insurer's bad faith refusal to pay or settle claims; the refusal to settle claims is normally left untouched by maritime law. More recently, in *Ellenwood,* we held that admiralty law likewise did not foreclose state claims based upon state handicap discrimination statutes, for maritime law did not address the subject of handicap discrimination. 984 F.2d at 1280.

Turning to the case at hand, Southworth's liability under chapter 93A was not predicated on any ground novel to or unaddressed by maritime law. Rather, Southworth was found liable as a result of its breach of its express warranty for parts and workmanship incident to the repair of a ship, a standard contractual breach to which maritime law has always applied. *See Zych v. Unidentified, Wrecked & Abandoned Vessel,* 941 F.2d 525, 531 (7th Cir.1991). The conduct found to violate chapter 93A falls squarely within the focus of existing maritime law, and chapter 93A's attorney's fee provision, being inconsistent with maritime law, cannot be applied in this case.

*Affirmed.*