Jonathan C. **HORSLEY,** Elizabeth Horsley, and Jonathan C. Horsley, Jr., a Minor, by his Mother and Next Best Friend, Elizabeth Horsley, Plaintiffs,

v.

**MOBIL OIL CORPORATION,** Defendant.

Civ. A. No. 91–11742–Y.

United States District Court,
D. Massachusetts.

June 29, 1993.

Terance P. Perry, Brendan J. Perry, Brendan J. Perry & Associates, P.C., Holliston, MA, for plaintiffs.

Brian P. Flanagan, F. Doré Hunter, Flanagan & Hunter, P.C., Boston, MA, for defendant.

## MEMORANDUM [1]

YOUNG, District Judge.

This is an action by Jonathan Horsley ("Mr. Horsley"), his wife Elizabeth Horsley ("Mrs. Horsley"), and his son Jonathan Horsley, Jr. ("Jonathan Jr.") to recover compensatory and punitive damages from Mobil Oil Corporation ("Mobil") for a back injury allegedly sustained by Mr. Horsley while he was working aboard the MOBIL TUG 3, a tugboat owned and operated by Mobil. Mr. Horsley asserts negligence and breach of contract claims under the Jones Act, and unseaworthiness and maintenance and cure claims under the general maritime law. In addition, premised upon his negligence and unseaworthiness claims, Mr. Horsley seeks punitive damages under both the Jones Act and the general maritime law (Counts X and XIV), and Mrs. Horsley and Jonathan Jr. assert loss of consortium claims under the general maritime law (Counts XVII and XVIII) and Massachusetts state law (Counts XI and XV). Mobil moved to dismiss the Horsleys' punitive damages and loss of consortium claims based primarily upon the Supreme Court's recent opinion in *Miles v. Apex Marine Corp.*, 498 U.S. 19, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990).

In *Miles*, the Supreme Court held that a nondependent parent may not recovery loss of society damages for the wrongful death of a Jones Act seaman under either the Jones Act or the general maritime law. 498 U.S. at 32–33, 111 S.Ct. at 325–326. In so ruling, the Court reviewed the legislative history of the Jones Act and concluded that the Jones Act "limits recovery to pecuniary loss." *Id.* at 32, 111 S.Ct. at 325. Accordingly, since loss of society is not "pecuniary loss," and since the Court thought it inappropriate to provide more expansive remedies in a judicially-created cause of action (unseaworthiness) than Congress had allowed under the Jones Act, the Court held that neither the Jones Act nor the general maritime law allows recovery for loss of society for the wrongful death of a Jones Act seaman. *Id.* at 32–33, 111 S.Ct. at 325–326. The *Miles* holding has since been extended to bar punitive damages for the wrongful death of a Jones Act seaman as well, since "punitive damages are [also] nonpecuniary." *Rollins v. Peterson Builders, Inc.*, 761 F.Supp. 943, 947 (D.R.I.1991).[2] The question for this Court is simply whether *Miles* bars loss of consortium and punitive damages claims in Jones Act *injury* actions as well as in Jones Act wrongful death actions.

The Horsleys argue that *Miles* is inapplicable to personal injury actions. They

---

1. The Court's rulings were delivered on May 12, 1993 from the bench. This memorandum more fully explicates the Court's reasoning.

2. The Horsleys attempt to characterize punitive damages as "pecuniary loss," but this interpretation is both illogical and patently inconsistent with First Circuit and all other precedent. Courts have long held that punitive damages are nonrecoverable under the Jones Act due to their nonpecuniary nature, *Rollins*, 761 F.Supp. at 946–47 (citing numerous cases), and *Miles* merely extended this bar to analogous actions under the general maritime law. *Id.* at 946; *In re Aleutian Enterprise, Ltd.*, 777 F.Supp. 793, 795–96 (W.D.Wash.1991).

contend that the *Miles* court barred nonpecuniary damages in all actions for the wrongful death of a Jones Act seaman in order to harmonize the Jones Act and the general maritime law with the Death on the High Seas Act ("DOHSA"), which expressly disallows recovery for nonpecuniary damage, *see* 46 U.S.C.App. § 762. Accordingly, the Horsleys argue that since DOHSA applies only to wrongful death actions, and since nonpecuniary damages are recoverable in injury actions by longshoremen, *American Export Lines, Inc. v. Alvez*, 446 U.S. 274, 100 S.Ct. 1673, 64 L.Ed.2d 284 (1980) (extending *Sea–Land Services, Inc. v. Gaudet*, 414 U.S. 573, 94 S.Ct. 806, 39 L.Ed.2d 9 [1974], to injury actions as well as wrongful death actions by or on behalf of longshoremen), *Miles* should not be extended to bar nonpecuniary damages in Jones Act *injury* cases. The Horsleys cite several pre-*Miles* cases in which courts relied upon *Alvez* to allow recovery of nonpecuniary losses in injury actions by Jones Act seamen, *see, e.g., Carollo v. Global Cape Ann Corp.*, 627 F.Supp. 1507, 1511 (D.Mass 1986) (Wolf, J.), and also claim that to allow nonpecuniary recovery to injured longshoremen but not to injured Jones Act seamen would create unwanted disparity in the federal maritime law.

The Horsleys misunderstand and grossly underestimate the impact of the *Miles* holding. First, the *Miles* Court distinctly held, based upon its review of the legislative history of the Jones Act, that the Jones Act itself bars recovery of nonpecuniary damages for the wrongful death of a Jones Act seaman. 498 U.S. at 32–33, 111 S.Ct. at 325–326. Thus, the Horsleys' attempt to distinguish *Miles* on the basis that DOHSA does not apply to personal injury actions is misguided—again, the *Miles* court reasoned that the Jones Act itself limits recovery to pecuniary loss. *Id.* Second, as recently explained by the Court of Appeals for the Fifth Circuit, *Miles* expressly "removed the judicial underpinnings of *Alvez* and [thus *Carollo*], on which the [Horsleys'] argument rests[,] [when] the [*Miles*] Court found that the 'holding of *Gaudet* applies only in territorial waters, and it applies only to longshore-

men.'" *See Murray v. Anthony J. Bertucci Const. Corp.*, 958 F.2d 127, 130 (5th Cir. 1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 190, 121 L.Ed.2d 134 (1992) (quoting *Miles*, 498 U.S. at 31, 111 S.Ct. at 325). Thus, pre-*Miles* cases like *Carollo*, which expressly relied upon *Gaudet* and *Alvez* to allow recovery of nonpecuniary damages in Jones Act injury actions, were impliedly if not expressly overruled by *Miles*. *Murray*, 958 F.2d at 130. Finally, the Court notes that maritime uniformity is better advanced by unifying damage schemes under the Jones Act as a whole, for both the injury and death of Jones Act seamen, than by unifying damage schemes between injured Jones Act seamen and injured longshoremen, especially when one considers that longshoremen and Jones Act seamen already receive disparate treatment in wrongful death actions. *See Miles*, 498 U.S. at 31, 33, 111 S.Ct. at 325, 326 (limiting loss of consortium recovery to actions for the wrongful death of a longshoreman and stressing importance of uniform treatment of Jones Act seamen).

■ In fact, although no court in the First Circuit has addressed a nonpecuniary damage claim in a Jones Act injury case subsequent to *Miles*, every court which has considered the issue has held that *Miles* precludes loss of consortium and punitive damages claims in injury actions by Jones Act seamen. *See, e.g., Murray*, 958 F.2d at 129–132 (thoroughly reviewing *Miles* and other cases and disallowing claims for loss of spousal and parental consortium for the injury of a Jones Act seaman); *Smith v. Trinidad Corp.*, 992 F.2d 996 (9th Cir.1993) (disallowing loss of spousal consortium claim in action for injury of Jones Act seaman); *In re Aleutian Enterprise, Ltd.*, 777 F.Supp. 793, 795–96 (W.D.Wash.1991) (denying punitive damages to injured seaman under Jones Act and general maritime law); *In re Mardoc Asbestos Case Clusters 1, 2, 5 and 6*, 768 F.Supp. 595, 597–600 (E.D.Mich.1991) (same). The Horsleys cite to no post-*Miles* case in any circuit which has allowed recovery for loss of consortium or punitive damages in an action for the injury of a Jones Act seaman.[3] Accord-

3. The Court notes that both *CEH, Inc. v. FV*     "*SEAFARER*", 148 F.R.D. 469 (D.R.I.1993) (al-

ingly, based on the preclusive effect of the Jones Act, Mr. Horsley's claims for punitive damages under the Jones Act and the general maritime law, and Mrs. Horsley's and Jonathan Jr.'s[4] claims for loss of consortium under the general maritime law, were dismissed by the Court.

■ This leaves Mrs. Horsley's and Jonathan Jr.'s loss of consortium claims under Massachusetts state law. Under the "saving to suitors" clause, 28 U.S.C. § 1333(1), claimants in an admiralty case are not restricted to maritime relief but may also pursue remedies provided by state law. *Southworth Machinery Co. v. F/V COREY PRIDE*, 994 F.2d 37, 41 (1st Cir.1993). It is well established, however, that "the extent to which state law may be used to remedy maritime injuries is constrained by the so-called 'reverse Erie' doctrine which requires that substantive remedies afforded by the states conform to the governing federal maritime standards." *Offshore Logistics v. Tallentire*, 477 U.S. 207, 223, 106 S.Ct. 2485, 2494, 91 L.Ed.2d 174 (1986). Thus, where the subject-matter falls within the admiralty jurisdiction, state law may "supplement" federal law but may not directly contradict it. *Southworth Machinery*, 994 F.2d 37, 41 (citing Gilmore & Black, *The Law of Admiralty* § 1–17, at 49–50 [2d Ed.1975] ).

■ Here, the Court has little difficulty concluding that the Horsleys' state law consortium claims are barred as inconsistent with federal maritime law. The District Court of Connecticut has actually held that federal maritime law bars state loss of consortium claims on behalf of a *non*seamen killed in a maritime accident, *Wahlstrom v. Kawasaki Heavy Industries, Ltd.*, 800 F.Supp. 1061, 1062–66 (D.Conn.1992), and First Circuit precedent clearly establishes that state law remedies that are inconsistent with the federal maritime law are inapplicable. *See, e.g., Southworth Machinery*, 994 F.2d 37, 42 ("[t]he conduct found to violate

[Mass.Gen.L. ch.] 93A falls squarely within the focus of existing maritime law, and chapter 93A's attorney's fee provision, being inconsistent with maritime law, cannot be applied in this case"); *compare Ellenwood v. Exxon Shipping Co.*, 984 F.2d 1270, 1280 (1st Cir.1993) (admiralty law does not foreclose state claims based upon state handicap discrimination statutes because admiralty law does not address subject of handicap discrimination), *cert. denied,* —— U.S. ——, 113 S.Ct. 2987, 125 L.Ed.2d 682 (1993).

Here, even more than in *Wahlstrom*, liability is predicated upon conduct falling squarely within the ambit of the federal maritime law. Accordingly, since state law consortium claims are patently inconsistent with the federal maritime law's express disavowal of such claims, Mrs. Horsley's and Jonathan Jr.'s state law loss of consortium claims were dismissed under the "reverse Erie" doctrine.

### CONCLUSION

For the foregoing reasons, Mobil's motion to dismiss the Horsleys' loss of consortium and punitive damages claims (counts X, XI, XIV, XV, XVII, and XVIII) was granted.

---

lowing punitive damages claims under the general maritime law), and *Duplantis v. Texaco*, 771 F.Supp. 787, 788–89 (E.D.La.1991) (same), are inapposite since the Jones Act did not apply to the plaintiffs' claims. All other cases cited by the Horsleys are likewise inapplicable for various reasons.

4. Even in the absence of Jones Act preclusion, parental consortium claims are not recognized under the general maritime law. *Murray*, 958 F.2d at 132 n. 3 (citations omitted).