**Ford SOSEBEE**

v.

**William RATH, Appellant.**

**No. 88–3710.**

United States Court of Appeals, Third Circuit.

Argued Dec. 7, 1989.

Decided Jan. 11, 1990.

As Amended Jan. 29, 1990.

---

Vincent A. Colianni, (argued), Judith A. Turner, Hunter, Colianni, Cole & Turner, Christiansted, St. Croix, U.S. Virgin Islands, for appellant.

Joel H. Holt (argued), Christiansted, St. Croix, U.S. Virgin Islands, for appellee.

Before GIBBONS, Chief Judge, MANSMANN and NYGAARD, Circuit Judges.

### OPINION OF THE COURT

NYGAARD, Circuit Judge.

The issue in this case is whether an award of attorney's fees pursuant to V.I. Code Ann. tit. 5, § 541 is appropriate in a case applying federal substantive admiralty law. The district court awarded attorneys' fees to appellee, holding that the case was tried on the territorial side of the court. Our review of this question of law is plenary. *See Dent v. Cunningham*, 786 F.2d 173, 175 (3d Cir.1986). We will reverse.[1]

## I.

Ford Sosebee, appellee, purchased a scuba diving tour from William Rath, appellant, in St. Croix, Virgin Islands. Sosebee was seriously injured while diving and filed this action, alleging that Rath was negligent. Sosebee's initial complaint did not directly allege jurisdiction, but contained factual averments sufficient to establish diversity jurisdiction. In his amended complaint, Sosebee invoked the jurisdiction of the district court pursuant to V.I.Code Ann. tit. 4, § 32, which grants jurisdiction over "all causes arising under the Constitution, treaties and laws of the United States ... [and] in all other causes in the Virgin Islands." Sosebee's amended complaint also alleged specifically that the "general maritime law of the United States of America is applicable to this cause of action."

At a pretrial conference, Rath first raised the question of whether maritime law should properly be applied in this case. Following the conference, both sides filed memoranda of law on the question. Sosebee argued that maritime law should apply and that his claim was in admiralty. The district ruled that Sosebee's claim "does fall in the maritime and admiralty jurisdiction. I think there is a motion ... [that] it is within the general jurisdiction of the Court. If that's the motion, that is denied."

The district court instructed the jury on the substantive maritime law applicable to the case. The jury returned a verdict in favor of Sosebee in the amount of $200,000. This award was reduced to $100,000, because the jury also found Sosebee 50% negligent.[2]

Sosebee filed a motion for attorneys' fees and witness costs pursuant to V.I.Code Ann. tit. 5, § 541.[3] Rath argued that attor-

---

1. Rath also contends that the district court erred in calculating the attorneys' fees. Because we find the award of attorneys' fees inappropriate in this case, we need not consider this argument.

2. Although admiralty law allows for pure comparative negligence, Virgin Islands law bars re-

covery if a plaintiff is more than 50% contributorily negligent. *See* V.I.Code Ann. tit. 5, § 1451.

3. At the time, this statute provided in relevant part:

§ 541 Costs defined

neys' fees were not available in an admiralty case. Notwithstanding the fact that it had earlier declared jurisdiction to be in admiralty, the district court determined that "the case was tried on the territorial side of this court and not as a federal case in admiralty." The district court awarded attorneys' fees in the amount of $46,000 to Sosebee. Rath appeals.

## II.

As a preliminary matter, we note that both parties agree this case was tried as a territorial case applying federal substantive admiralty law, rather than as a case in admiralty. The distinction is more than academic since under the "saving to suitors" clause of 28 U.S.C. § 1333[4] important rights are preserved when a plaintiff does not specifically invoke admiralty jurisdiction. Chief among these is the right to a jury trial, see *Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.,* 369 U.S. 355, 360, 82 S.Ct. 780, 783, 7 L.Ed.2d 798 (1962), *Edynak v. Atlantic Shipping Inc.,* 562 F.2d 215, 221 n. 11 (3d Cir.1977). A plaintiff not specifically invoking admiralty jurisdiction may also seek to have state, or in this case, territorial, law applied to the extent that such law does not conflict with admiralty law. *See e.g. Floyd v. Lykes Bros. S.S. Co., Inc.,* 844 F.2d 1044, 1047 (3d Cir.1988). Thus, our first level of inquiry is to decide whether the applicable Virgin Islands statute directly conflicts with admiralty law.[5]

> (a) Costs which may be allowed in a civil action include:
>
> .        .        .        .        .
>
> (6) Attorney's fees as provided in subsection (b) of this section.
> (b) The measure and mode of compensation of attorneys shall be left to the agreement, expressed or implied, of the parties; but there shall be allowed to the prevailing party in the judgment such sums as the court in its discretion may fix by way of indemnity for his attorneys fees in maintaining the action or defenses thereto.

V.I. Code Ann. tit. 5, § 541 (1967).
This section has since been amended to allow attorneys' fees in personal injury cases only if the court finds the complaint or defense frivolous. V.I.Code Ann. tit. 5, § 541(b) (supp. 1988).

As a general matter, attorneys' fees are not available in admiralty cases unless the court determines in its equitable discretion that one party has acted in bad faith. *See e.g. F.D. Rich Co. v. United States ex rel. Industrial Lumber Co.,* 417 U.S. 116, 129, 94 S.Ct. 2157, 2165, 40 L.Ed.2d 703 (1974); *Vaughan v. Atkinson,* 369 U.S. 527, 530–31, 82 S.Ct. 997, 999, 8 L.Ed.2d 88 (1962). Under the Virgin Islands statute, however, attorneys' fees may be awarded to prevailing parties by the district court in its discretion without finding that one party acted in bad faith. Thus a general award of attorneys' fees pursuant to a state statute which does not require a finding of bad faith directly conflicts with federal admiralty law. *Cf. Ocean Barge Transp. v. Hess Oil Virgin Islands Corp.,* 598 F.Supp. 45, 47 (D.V.I. 1984) (Virgin Islands statute allowing attorneys' fees should not be applied in admiralty action), *aff'd without opinion,* 760 F.2d 259 (3d Cir.1985). *Accord Templeman v. Chris Craft Corp.,* 770 F.2d 245, 250 (1st Cir.), *cert. denied,* 474 U.S. 1021, 106 S.Ct. 571, 88 L.Ed.2d 556 (1985) (Puerto Rico statute allowing attorneys' fees should not be applied in admiralty action).

There is a strong interest in maintaining uniformity in maritime law. *See e.g. Pope & Talbot, Inc. v. Hawn,* 346 U.S. 406, 409–10, 74 S.Ct. 202, 204–05, 98 L.Ed. 143 (1953). This interest would be undermined if the availability of attorneys' fees depended upon where the plaintiff filed

**4.** This statute vests original jurisdiction over admiralty cases in the district courts "saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1).

**5.** To the extent that Sosebee argues that he is entitled to attorneys' fees simply because the district court was sitting as a court of original general jurisdiction, we find his argument wholly without merit. Although the "saving to suitors" clause allows a state or territorial court to decide a maritime case, federal maritime law determines the rights of the parties. *See e.g. Continental Casualty Co. v. Canadian Universal Ins. Co.,* 605 F.2d 1340, 1344 (5th Cir.1979), *cert. denied,* 445 U.S. 929, 100 S.Ct. 1317, 63 L.Ed.2d 762 (1980).

suit. Therefore, where a case arises under the federal maritime law, as this case does, a local statute awarding attorneys' fees should not be applied. The award of attorneys' fees in this case was error and we will reverse.