**GARAN INC., individually and for the use and benefit of the Insurance Company of North America, Plaintiff,**

v.

**M/V AIVIK, her engines, tackle and furnishing, In Rem; and The North West Company, Inc., her owner, Defendant.**

No. 93–2406–Civ.

United States District Court, S.D. Florida.

July 28, 1995.

Gerard Joseph Sullivan, Jr., Sullivan & Boyd, Jacksonville, FL, for plaintiff.

Patrick Edward Novak and Vincent O'Brien, Keller, Houck & Shinkle, P.A., Miami, FL, for defendant North West Company, Inc.

Scott Dozier Sheftall, Floyd Pearson Richman Greer Weil Brumbaugh & Russomanno, P.A., Miami, and Andrew Charles Rose, Rose, Rose & Rose, P.A., Fort Lauderdale, FL, for defendant International Transfer of Florida, Inc.

## ORDER AFFIRMING MAGISTRATE'S REPORT AND RECOMMENDATION

UNGARO-BENAGES, District Judge.

THIS CAUSE is before the Court upon Plaintiff's Motion to Strike Offer of Judgment.

THE MATTER was referred to the Honorable Barry L. Garber, United States Magistrate. A Report and Recommendation dated June 23, 1995 has been filed, recommending that Plaintiff's Motion to Strike Defendant's Offer of Judgment be GRANTED.

THE COURT has made a de novo review of the motion, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

ORDERED AND ADJUDGED that United States Magistrate Barry L. Garber's June 23, 1995 Report and Recommendation be, and the same is, hereby RATIFIED, AFFIRMED and APPROVED in its entirety.

DONE AND ORDERED.

## REPORT AND RECOMMENDATION

GARBER, United States Magistrate Judge.

This CAUSE comes before the Court pursuant to an Order of Reference entered on February 9, 1995 by the Honorable Ursula Ungaro–Benages, United States District Judge. (D.E. 86). The following Report and Recommendation is hereby submitted on Plaintiff Insurance Company of North America's ("INA") Motion to Strike Offer of Judgment. This action is within the Court's maritime and admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and Fed.R.Civ.P. 9(h).

### BACKGROUND

Defendant, The North West Company ("North West"), owns the vessel AIVIK, the master of which issued a bill of lading for carriage of Plaintiff's cargo to the United States from Costa Rica. During the course of transportation, a portion of the cargo was lost without explanation. On December 19, 1994, Defendant North West filed an offer of judgment pursuant to Florida Statutes § 768.79 [1] in the amount of $500 to Plaintiff

---

1. Florida Statutes § 768.79 reads, in pertinent part: In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the

INA, the insurer of the cargo. Thereafter, INA moved to Strike Defendant's Offer of Judgment under which INA could be required to pay Defendant's attorneys' fees. INA argues that because the Florida Offer of Judgment statute is substantive in nature and conflicts with substantive admiralty law, it is prohibited in cases within the admiralty and maritime jurisdiction. (Pl.'s Mot. to Strike at 2–5.) Defendant, on the other hand, contends that the Florida statute does not conflict with federal admiralty law but only operates as a permissible supplement to the general maritime common law. (Def.'s Mot. in Supp. at 2–3.)

Thus, the issue before the Court is whether Florida's statutory Offer of Judgment is applicable in an admiralty jurisdiction case when federal maritime common law does not provide for fee shifting under such circumstances and requires each side to pay its own attorneys' fees.

### *DISCUSSION*

■ This is a case of first impression in the context of admiralty and maritime jurisdiction. The Eleventh Circuit, however, has addressed the application of Florida Statutes § 768.79 in diversity actions. *See Tanker Management Inc. v. Brunson*, 918 F.2d 1524 (11th Cir.1990), in which the argument that Rule 68 of the Federal Rules preempts the Florida Offer of Judgment statute was rejected under a reverse-*Erie* analysis.[2] There, the Court found that because no such

conflict existed, the substantive policy of the state should be followed.[3] *Id.* at 1528.

■ Here, the determination of whether the Florida Offer of Judgment statute impermissibly conflicts with federal maritime law similarly requires a reverse-*Erie* analysis. *Offshore Logistics, Inc. v. Tallentire*, 477 U.S. 207, 222–223, 106 S.Ct. 2485, 2494–95, 91 L.Ed.2d 174 (1986). A two-part test determines whether a state law may be used in conjunction with federal maritime law: (1) Does the state law conflict with substantive maritime law? and (2) Does the state law affect remedies peculiar to the maritime jurisdiction? *Id.* If the answer to either of these questions is in the affirmative, the state law must be struck down as conflicting with federal maritime law. *Id.*

The Florida Supreme Court has recognized that "a statutory requirement for the nonprevailing party to pay attorneys fees constitutes a new obligation or duty and is therefore substantive in nature." *Young v. Altenhaus*, 472 So.2d 1152, 1154 (Fla.1985). Pursuant to the first prong of the *Offshore Logistics* analysis, a determination of whether this substantive Florida law conflicts with federal maritime law must be made.

■ Here, federal maritime law[4] provides that absent specific federal statutory authorization for an award of attorneys' fees, the prevailing party is generally not entitled to those fees. *Noritake Co. v. M/V Hellenic Champion*, 627 F.2d 724 (5th Cir.1980).[5] In *Noritake*, the Fifth Circuit noted that:

plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by him or on his behalf ... from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer.

2. A reverse-*Erie* analysis necessitates the determination of whether a state substantive law conflicts impermissibly with federal law pursuant to *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) and its progeny. Accordingly, the extent to which a state law may be used is constrained by the reverse-*Erie* doctrine which requires that the substantive remedies afforded by the states conform to governing federal standards. *See Offshore Logistics, infra*, 477 U.S. at 223, 106 S.Ct. at 2494.

3. Ultimately, however, attorneys fees were denied because the statute, at that time, did not apply to offers of judgments by defendants. The statute has subsequently been modified to include such offers.

4. The federal maritime common law is "an amalgam of traditional common-law rules, modifications of those rules, and newly created rules" drawn from both state and federal sources. *Brockington v. Certified Elec.*, 903 F.2d 1523, 1529 n. 2 (11th Cir.1990) (citing *East River S.S. v. Transamerica Delaval*, 476 U.S. 858, 865, 106 S.Ct. 2295, 2299, 90 L.Ed.2d 865).

5. The decisions of the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that day, *shall be binding as precedent on all federal courts within the Eleventh Circuit*, for this court,

Although Congress undoubtedly could have explicitly provided for the award of attorneys' fees to a party prevailing in a suit based upon COGSA [Carriage of Goods on Sea Act], no such statutory authorization appears in the Act. Nor is there any other federal statutory authorization for the award of attorneys' fees in this type of admiralty proceeding. Absent some statutory authorization, the prevailing party in an admiralty case is generally not entitled to an award for attorneys' fees. (citations omitted).

*Id.* at 730.[6]

The Third Circuit similarly denied the award of attorneys' fees within the maritime context in *Sosebee v. Rath*, 893 F.2d 54 (3d Cir.1990). There, plaintiff sought attorneys' fees pursuant to a Virgin Islands statute which awarded costs to the prevailing party. *Sosebee* at 56. In applying a reverse-*Erie* analysis, the Court determined that "a general award of attorneys' fees pursuant to a state statute which does not require a finding of bad faith directly conflicts with federal admiralty law." *Id.*

■ Here, Defendant attempts to distinguish *Sosebee* by arguing that Florida Statutes § 768.79 contains a bad faith provision [7] providing for the disallowance of an award of costs and attorneys' fees upon such a finding. However, section 768.79, while providing that a Court may deny attorneys' fees when an offer of judgment is made in bad faith, does not *require* a finding of bad faith in order for the Court to award attorneys' fees. Rather, the offering party must merely meet the requirements of the statute—namely, there must be a finding of no liability or the judgment must be at least 25 percent less than

the offer.[8] The Florida statute conflicts with the American rule [9] set forth in federal common law, as the Florida substantive rule impermissibly imposes an additional obligation on the parties in direct conflict with long-standing federal maritime common law.

■ While Defendant argues that courts have increasingly applied state law as a supplement to the federal maritime law, such applications are only valid when federal statutory or common law is silent on the issue. *See, e.g., Wilburn Boat Co. v. Fireman's Fund Insur. Co.*, 348 U.S. 310, 75 S.Ct. 368, 99 L.Ed. 337 (1955). The federal law regarding the award of attorneys' fees in the maritime context is clear and directs each side to pay its own fees.

Defendant's reliance on *Royal Caribbean Corp. v. Modesto*, 614 So.2d 517 (Fla. 3d DCA 1992) is unavailing because that case misconstrues the holding in *Vaughan v. Atkinson*, 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962). *Vaughan* discusses an exception for a discretionary award of attorneys' fees in the maritime context but only when the nonprevailing party has acted in bad faith during the course of the litigation. *See Vaughan v. Atkinson*, 369 U.S. at 530, 82 S.Ct. at 999.

Further, Defendants' reliance on *Steelmet, Inc. v. Caribe Towing Corp.*, 842 F.2d 1237 (11th Cir.1988) (Steelmet II) and *Blasser Brothers, Inc. v. Northern Pan American Line*, 628 F.2d 376 (5th Cir.1980) is misplaced. In both of those cases, attorneys' fees were awarded only in third party actions on insurance contracts between insured shippers and their insurers. There, the Courts had previously recognized the ability of

---

the district courts, and the bankruptcy courts in the circuit. (emphasis added). *Bonner v. City of Prichard, Alabama*, 661 F.2d 1206, 1209 (11th Cir.1981).

**6.** However, because plaintiff could not challenge on appeal the trial court's refusal to award attorneys' fees based on Texas law relating to cargo damage where such argument was not advanced at trial, the Fifth Circuit also affirmed the lower court's refusal to award such fees on that basis. *Noritake*, 627 F.2d at 730–732.

**7.** Florida Statutes § 768.79's bad faith provision reads: (7)(a) If a party is entitled to costs and

fees pursuant to the provisions of this section, the court may, in its discretion, determine that an offer was not made is good faith. In such case, the court may disallow an award of costs and attorney's fees.

**8.** See note 1, *supra.*

**9.** The American Rule provides that each side pays its own fees. *Platoro Ltd., Inc. v. Unidentified Remains of a Vessel*, 695 F.2d 893, 905 (5th Cir.1983); *see also Noritake, supra.*

states to regulate rights under insurance policies issued within their domain.

Moreover, a strong interest exists in maintaining uniformity in maritime law. In *Sosebee, supra,* the Third Circuit noted that this interest "would be undermined if the availability of attorneys' fees depended upon where the plaintiff filed suit." *Sosebee* at 56–57. Consequently, this Court believes that Florida Statutes § 768.79 would frustrate the need for uniformity in the admiralty jurisdiction and is preempted by federal maritime common law.

## CONCLUSION AND RECOMMENDATION

After careful consideration and for the foregoing reasons, the undersigned hereby

RECOMMENDS that Plaintiff INA's Motion to Strike Defendant's Offer of Judgment be GRANTED.

The parties have ten (10) days to file written objections, if any, with the Honorable Ursula Ungaro–Benages, United States District Judge. *See* 28 U.S.C. § 636 (1991). Failure to file objections timely shall bar the parties from challenging on appeal the findings contained herein. *LoConte v. Dugger,* 847 F.2d 745 (11th Cir.1988), *cert. denied,* 488 U.S. 958, 109 S.Ct. 397, 102 L.Ed.2d 386.

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida, this 23rd day of June, 1995.