888 So.2d 654 (2004)
Lawrence W. HALL, Appellant,
v.
ROYAL CARIBBEAN CRUISES, LTD., Appellee.
No. 3D03-2132.
District Court of Appeal of Florida, Third District.
July 21, 2004.
Rehearing and Rehearing Denied December 13, 2004.
Romano, Eriksen, Cronin & Mullins and Michael D. Eriksen (West Palm Beach), for appellant.
McIntosh, Sawran, Peltz, Cartaya & Petruccelli and Louise H. McMurray and Robert Peltz, Miami, for appellee.
Before SCHWARTZ, C.J., and GERSTEN and WELLS, JJ.
Rehearing and Rehearing En Banc Denied December 13, 2004.
SCHWARTZ, Chief Judge.
This is an appeal from an order dismissing an amended complaint which alleged that the plaintiff, a paying passenger on the defendant's cruise ship, was injured on the high seas when, after having been served alcohol by the vessel's employees to and obviously past the point of intoxication, he staggered from a lounge, and while unable to look after himself fell down two flights of open stairways.
The order under review is erroneous and must be reversed because the complaint clearly stated a cause of action for breach of the defendant's duty to exercise reasonable care for the safety of its passengers, as is established by the general maritime law[1] applicable here, see Kermarec v. Compagnie Generale Transatlantique, *655 358 U.S. 625, 79 S.Ct. 406, 3 L.Ed.2d 550 (1959); The Moses Taylor, 4 Wall. 411, 71 U.S. 411, 18 L.Ed. 397 (1866); Carlisle v. Ulysses Line Ltd., 475 So.2d 248 (Fla. 3d DCA 1985), in both (a) overserving the plaintiff, Kludt v. Majestic Star Casino, LLC, 200 F.Supp.2d 973 (N.D.Ind.2001); Bay Casino, LLC. v. M/V Royal Empress, 199 F.R.D. 464 (E.D.N.Y.1999); Quinn v. St. Charles Gaming Co., 815 So.2d 963 (La.App.2002), writ denied, 813 So.2d 412 (2002); Guinn v. Commodore Cruise Line Ltd., 1997 WL 164290 (S.D.N.Y.1997), and (b) failing to protect him from his (albeit self-imposed) disability. The City of Panama, 101 U.S. 453, 25 L.Ed. 1061 (1879); Chan v. Society Expeditions, Inc., 123 F.3d 1287 (9th Cir.1997), cert. dismissed, 522 U.S. 1100, 118 S.Ct. 906, 139 L.Ed.2d 921 (1998); Holmes v. Oregon & California Ry. Co., 5 F. 523 (D.Or.1881).[2] This holding necessarily results also in a reversal of the separate (but substantively redundant) count which alleges a breach of the applicable contract of carriage between the passenger and the carrier. Carlisle v. Carnival Corp., 864 So.2d 1 (Fla. 3d DCA 2003).
Reversed.
NOTES
[1] We disagree with the minority position that the issue may be governed by the dram shop act of the forum state. Cf. Meyer v. Carnival Cruise Lines, Inc., 1994 WL 832006 (N.D.Cal.1994); Voillat v. Red & White Fleet, 2004 WL 547146 (N.D.Cal.2004). As is said in Robert D. Peltz, The Myth of Uniformity in Maritime Law, 21 Tul. Mar. L.J. 103 (1996):

The first lesson that every law student studying Admiralty I learns is that, although most maritime suits may be filed in state court, they are nevertheless governed by substantive maritime law to maintain the uniformity which is necessary for a national maritime law.
[2] Under maritime law, of course, comparative negligence is a viable defense.