891 So.2d 1208 (2005)
Iris FRANGO and Joseph Frango, Appellants,
v.
ROYAL CARIBBEAN CRUISES, LTD., Appellee.
No. 3D03-3261.
District Court of Appeal of Florida, Third District.
February 2, 2005.
*1209 Sarnoff & Bayer, Miami, for appellants.
Rodriguez, Aronson & Essington, and Domingo Rodriguez, Miami, and Andre M. Picciurro, for appellee.
Before GREEN, FLETCHER, and RAMIREZ, JJ.
RAMIREZ, J.
Iris and Joseph Frango appeal the entry of two adverse final summary judgments. We reverse the summary judgment for Royal Caribbean Cruises, Ltd. ("RCCL") on Iris Frango's claim for injuries, but affirm the summary judgment for RCCL on Joseph Frango's claim for loss of consortium.
On November 15, 2001, the Frangos boarded appellee RCCL's SS Galaxy in San Juan, Puerto Rico. While the ship was on the high seas, the automatic sliding doors that lead into the ship's lounge closed on Iris Frango's face. This incident occurred during the early evening hours as Iris Frango entered the lounge and turned her head around to find her husband, who was walking behind her. The doors broke her nose and caused other injuries to her face. The Frangos sued RCCL for negligence.
*1210 Pandelis Kordonis, RCCL's Chief electronic engineer, testified that on one occasion, his assistant stood very close to the closed doors to talk to him and the doors failed to sense his assistant's presence. He also testified that when the doors sense a line of people, the doors will remain open all of the time. However, if a person remained stationary for a moment just prior to the entryway of the doors, the sensor could lose that person. The person could then walk directly into the doors.
Mark A. Young, an architectural civil engineer, inspected and tested the automatic doors and opined that the sensors and doors were not properly installed and maintained. He found that the sensor was missing a lens cover which could have allowed the doors to remain closed. He also opined that RCCL could have executed measures to prevent the incident from occurring through the installation of emergency switches which could have allowed the doors to remain open in anticipation of a steady flow of passengers.
RCCL subsequently moved for summary judgment against Joseph Frango's loss of consortium claim. RCCL argued that general maritime law did not recognize loss of consortium claims for the spouses of passengers who are injured while on the high seas. The trial court granted summary judgment in favor of RCCL.
RCCL also moved for final summary judgment against Iris Frango's claim. RCCL argued that Iris Frango was the sole and proximate cause of her injuries. The trial court granted RCCL's motion finding that Iris Frango was 100% at fault for her injuries. The trial court denied the Frangos' motion for rehearing and entered final judgment as against both Iris and Joseph Frango.
Under general maritime law, RCCL owed the Frangos the duty of exercising reasonable care under the circumstances. See Kermarec v. Compagnie General Transatlantique, 358 U.S. 625, 632, 79 S.Ct. 406, 3 L.Ed.2d 550 (1959). As in Corona v. Costa Crociere S.P.A., 844 So.2d 652, 653 (Fla. 3d DCA 2003), "[b]ased on the record now before us, we conclude that the defendant cruise line has not carried its burden of demonstrating the nonexistence of any disputed issue of material fact." We cannot agree that by briefly stopping to look back at her husband, Iris Frango was entirely responsible for the accident.
As to the loss of consortium, we have previously stated in Norwegian Cruise Lines, Ltd. v. Zareno, 712 So.2d 791, 793 (Fla. 3d DCA 1998) that a state court may apply state law to a maritime action so long as there is no conflict with federal maritime law. Florida law recognizes a claim for loss of consortium, so the issue is whether it would conflict with federal maritime law. We conclude that it would.
In the case of In re Amtrack "Sunset Ltd." Train Crash in Bayou Canot, Ala., on Sept. 22, 1993, 121 F.3d 1421 (11th Cir.1997), the court stated that general maritime law does not allow claims for loss of consortium to non-seamen. The court first held that the district court erred in finding that Alabama's wrongful death statute governed the wrongful death claims asserted in this action; it concluded that the federal maritime interests outweighed Alabama's interests in having its wrongful death statute apply to the case. Id. at 1427. The court also held that the district court erred in finding that personal injury plaintiffs could seek nonpecuniary damages under the general maritime law for loss of society, loss of consortium, and punitive damages. Id. at 1428. "Unless or until the United States Supreme Court should decide to add state remedies to the *1211 admiralty remedies for personal injury, personal injury claimants have no claim for nonpecuniary damages...." Id. at 1429. The court relied on Lollie v. Brown Marine Serv., Inc., 995 F.2d 1565 (11th Cir.1993), which held that "neither the Jones Act nor general maritime law authorizes recovery for loss of society or consortium in personal injury cases." Id. at 1565.
Although there is authority to the contrary, such as Wartman v. Commodore Cruise Line, Ltd., 1996 WL 47964, 100 F.3d 943 (2d Cir. Feb.6, 1996), and Sutton v. Earles, 26 F.3d 903 (9th Cir.1994), the greater weight of authority seems clearly slanted against authorizing any recovery for loss of consortium. We find the reasoning in Chan v. Society Expeditions, Inc., 39 F.3d 1398 (9th Cir.1994) persuasive. The Chan court noted that the spouse of a non-seaman who is killed on the high seas would be unable to recover loss of consortium under the Death on the High Seas Act, 46 U.S.C. § 761 et seq. Id. at 1407. It reasoned that it would be absurd to allow such a claim to the spouse of a passenger who is merely injured because such a rule would reward killing, rather than merely injuring, a passenger on the high seas. Id. at 1408.
We find that one of the aims of maritime law is to promote uniformity in the exercise of admiralty jurisdiction. See Moragne v. States Marine Lines, Inc., 398 U.S. 375, 386-88, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970). This aim is best advanced by following the majority rule and denying loss of consortium to a passenger's husband, such as Mr. Frango. We thus affirm the summary judgment entered in RCCL's favor on this claim.
Affirmed in part; reversed in part and remanded.