*99 ON MOTION FOR WRITTEN OPINION
TORPY, J.
Appellee seeks a written opinion regarding our prior order denying its motion for appellate attorneys’ fees. We withdraw our prior order and substitute this opinion in its stead. Because this case is a maritime case, federal law governs substantive issues, including attorneys’ fees. Accordingly, applying federal law, we deny the motion for attorneys’ fees, notwithstanding Appellee’s entitlement to fees under state law.
Appellant brought suit against Ap-pellee after she slipped and fell in a restroom aboard one of Appellee’s ships. Appellee served an offer of judgment on Appellant, which was rejected. The trial court entered summary judgment in favor of Appellee on all counts of Appellant’s complaint, and we affirmed. Appellee seeks attorneys’ fees on appeal pursuant to section 768.79, Florida Statutes (2012). Entitlement to attorneys’ fees under this statute is a substantive right. Se. Floating Docks, Inc. v. Auto-Owners Ins. Co., 82 So.3d 73, 80 (Fla.2012).
Appellee cites numerous cases in support of its motion, none of which involve a maritime tort claim. Because federal admiralty law governs substantive issues in maritime cases, Appellee’s reliance on non-admiralty cases is misplaced. See Kermarec v. Compagnie Generale Transatlantique, 358 U.S. 625, 628, 79 S.Ct. 406, 3 L.Ed.2d 550 (1959) (holding that federal admiralty law governs substantive issues in maritime cases); see also Rindfleisch v. Carnival Cruise Lines, Inc., 498 So.2d 488, 490 (Fla. 3d DCA 1986) (applying federal admiralty law to substantive issues in tort claim). Under federal admiralty law, the prevailing party is not entitled to attorneys’ fees absent circumstances not applicable here, even when a state statute establishes an entitlement to fees. Misener Marine Constr., Inc. v. Norfolk Dredging Co., 594 F.3d 832, 841 (11th Cir.), cert. denied, — U.S.-, 130 S.Ct. 3505, 177 L.Ed.2d 1091 (2010); Texas A & M Research Found. v. Magna Transp. Inc., 338 F.3d 394, 405 (5th Cir. 2003); Am. Nat’l Fire Ins. Co. v. Kenealy, 72 F.3d 264, 270 (2d Cir.1995); Southworth Mach. Co. v. F/V Corey Pride, 994 F.2d 37, 41 (1st Cir.1993); Su v. M/V S. Aster, 978 F.2d 462, 475 (9th Cir.1992); Sosebee v. Rath, 893 F.2d 54, 56-57 (3d Cir.1990).
Although not cited by either party, we are aware that our decision is in conflict with our sister court’s decision in Royal Caribbean Corp. v. Modesto, 614 So.2d 517 (Fla. 3d DCA 1992). We disagree with that decision for the same reasons expressed in Garan, Inc. v. M/V Aivik, 907 F.Supp. 397, 400 (S.D.Fla.1995). We note that a panel of the Third District, in a nonfinal opinion, has recently called Modesto into question. See Royal Caribbean Cruises, Ltd. v. Cox, — So.3d-(Fla. 3d DCA 2012).
MOTION FOR FEES DENIED.
SAWAYA and COHEN, JJ., concur.