ON MOTION FOR REHEARING EN BANC
LAGOA, J.
Royal Caribbean Cruises, Ltd. (“RCCL”) appeals an order awarding seaman Byron Cox attorney’s fees pursuant to Florida’s offer of judgment statute, section 768.79, Florida Statutes (1997), following a jury verdict in his favor in an admiralty case. On August 22, 2012, we affirmed the order awarding fees, relying on Royal Caribbean Corp. v. Modesto, 614 So.2d 517 (Fla. 3d DCA 1992). RCCL seeks rehearing en banc, requesting that this Court recede from Modesto. We grant RCCL’s motion for rehearing en banc, withdraw our prior opinion and substitute the following in its place.
Cox filed the underlying action against RCCL to recover for injuries he sustained while employed aboard an RCCL vessel. He asserted claims for Jones Act negligence, failure to treat, maintenance and cure, unearned wages and unseaworthiness. Cox served an offer of judgment on RCCL pursuant to Florida Rule of Civil Procedure 1.442 and section 768.79. RCCL moved to strike the offer of judgment, arguing that section 768.79 was inapplicable in this case because it conflicted with federal maritime law. In response, Cox cited Modesto, 614 So.2d at 520, which holds that there is no conflict between section 768.79 and federal maritime law. Following trial, the jury found in favor of Cox and he sought attorney’s fees based on the offer of judgment. The trial court agreed with Cox’s position, denied RCCL’s motion to strike, and found that Cox was entitled to attorney’s fees and costs. The trial court awarded Cox $245,856.87 in fees and costs,[1] and this appeal ensued.[2] On appeal, RCCL argues, as it did in the trial court, that the attorney’s fee award is impermissible as such award pursuant to Florida’s offer of judgment statute conflicts with maritime law. Recognizing that Modesto is on point, and that the prior panel was bound to follow it, *1159 RCCL requests that this Court recede from Modesto en banc and follow federal maritime law, which holds that attorney’s fees may not be awarded pursuant to state fee-shifting statutes in an admiralty case.
In Modesto, a seaman sought damages under the Jones Act and general maritime law for injuries he sustained aboard a Royal Caribbean ship. He filed a motion for attorney’s fees pursuant to the offer of judgment statute. The trial court denied the motion. On appeal, this Court reversed the trial court’s order, stating that
we find no conflict between Florida’s rules of law regarding offers of judgment and federal maritime law. In federal admiralty actions, an award of attorney’s fees as a component of maintenance and cure is traditionally within the equitable jurisdiction of the courts. Vaughan v. Atkinson, 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962). Awards of attorney’s fees made pursuant to Florida law regarding offers of judgment are intended to deter unnecessary litigation and encourage timely settlement of claims .... Because Florida’s rules relating to offers of judgment are an integral part of this state’s management of its courts’ proceedings and do not conflict with federal admiralty law, we reverse the order denying attorney’s fees and remand to the trial court for further proceedings.
Id. at 520 (footnote omitted). See also Juneau Tanker Carp. v. Sims, 627 So.2d 1280, 1232 (Fla. 2d DCA 1993) (citing Modesto without discussion in support of reversal of denial of attorney’s fees to seaman). Thus, the Court held that there was no conflict between our offer of judgment statute and federal maritime law; that attorney’s fees awarded as part of maintenance and cure are within the court’s equity jurisdiction; and that the statute serves to promote case settlement and prevent unnecessary litigation. Because we now hold that the application of the offer of judgment statute conflicts with and interferes with federal maritime law, we recede from Modesto.
Federal substantive maritime law governs in seaman cases brought in state court. See Norwegian Cruise Lines, Ltd. v. Zareno, 712 So.2d 791, 793 (Fla. 3d DCA 1998); Doles v. Koden Int’l, Inc., 779 So.2d 609, 611-12 (Fla. 5th DCA 2001). See also Carnival Corp. v. Carlisle, 953 So.2d 461, 464 (Fla.2007); Hall v. Royal Caribbean Cruises, Ltd., 888 So.2d 654, 654 n. 1 (Fla. 3d DCA 2004); Hopkins v. The Boat Club, Inc., 866 So.2d 108, 110-11 (Fla. 1st DCA 2004).
Federal maritime law follows the American Rule regarding attorney’s fees. See Misener Marine Constr., Inc. v. Norfolk Dredging Co., 594 F.3d 832, 841 (11th Cir.) (holding that the “consistent and continued application of the American Rule to maritime disputes has established the American Rule as a characteristic feature of substantive maritime law”), cert. denied, — U.S. —, 130 S.Ct. 3505, 177 L.Ed.2d 1091 (2010). The American Rule provides that ordinarily each party must pay its own attorney’s fees, absent an exception such as a federal statute, an enforceable contractual provision providing for fees, or a finding that the non-prevailing party engaged in bad-faith conduct. See Noritake Co. v. M/V Hellenic Champion, 627 F.2d 724, 730 (5th Cir.1980); Hilton Oil Transp. v. Oil Transp. Co., S.A., 659 So.2d 1141, 1153 (Fla. 3d DCA 1995). None of the exceptions are present in this case. There is no pertinent federal attorney’s fee statute, contractual provision, or finding that RCCL engaged in bad-faith conduct.
Here, the trial court awarded attorney’s fees pursuant to section 768.79, Florida’s offer of judgment statute. This *1160 substantive state law mandates an attorney’s fee award to the prevailing party upon that party’s compliance with the statute’s requirements when the non-prevailing party has rejected an offer of judgment. See Southeast Floating Docks, Inc. v. Auto-Owners Ins. Co., 82 So.3d 73, 79-80 (Fla.2012) (holding that section 768.79 is substantive for both constitutional and conflict of law purposes). “[Sjtate courts may entertain maritime causes of action and may apply state law to supplement federal maritime law if the state law does not conflict with federal law or interfere with uniformity.... State law will not apply if: (1) the state law is found to conflict with substantive maritime law, or (2) the state law affects remedies peculiar to maritime law. In other words, states may apply state law to supplement maritime law if that application does not flatly contradict maritime law.” Zareno, 712 So.2d at 793. See also Carlisle, 953 So.2d at 464; Frango v. Royal Caribbean Cruises, Ltd., 891 So.2d 1208,1210 (Fla. 3d DCA 2005).
A review of the pertinent case law reveals that, in addition to Florida’s federal court decisions holding that section 768.79 may not be applied in maritime cases, Garan, Inc. v. M/V Aivik, 907 F.Supp. 397, 400-01 (S.D.Fla.1995) (expressly rejecting Modesto and holding that application of Florida’s offer of judgment statute in an admiralty case would “frustrate the need for uniformity in the admiralty jurisdiction and is preempted by federal maritime common law”);[3] Tai-Pan, Inc. v. Keith Marine, Inc., 1997 WL 714898, at *10 (M.D.Fla. May 13, 1997); see also Tampa Port Auth. v. M/V Duchess, 65 F.Supp.2d 1279,1296-97 (M.D.Fla.1997), amended, 65 F.Supp.2d 1299, affirmed, 184 F.3d 822 (11th Cir.1999) (table), other federal courts have considered whether state fee-shifting statutes may supplement federal maritime law and have consistently concluded that application of state fee-shifting statutes conflicts with maritime law and violates the important maritime principle of uniformity. See Texas A&M Research Found, v. Magna Transp. Inc., 338 F.3d 394, 405-06 (5th Cir.2003); Southworth Mach. Co. v. F/V Corey Pride, 994 F.2d 37, 41 (1st Cir.1993); Sosebee v. Rath, 893 F.2d 54, 56-57 (3d Cir.1990). See also Misener Marine Constr., Inc. v. Norfolk Dredging Co., 594 F.3d 832, 840-41 (11th Cir.) (holding that a Georgia fee-shifting statute conflicts with maritime law, but finding it unnecessary to reach the uniformity issue as “principle that each party bears its own fees is a characteristic of maritime law”), cert. denied, — U.S. —, 130 S.Ct. 3505, 177 L.Ed.2d 1091 (2010). Accordingly, it is clear that the federal courts applying federal maritime law reject the application of state fee-shifting statutes.[4]
*1161 Based on the above-cited cases, we agree that Florida’s offer of judgment statute conflicts with the general rule of federal maritime law that parties pay their own fees absent an exception, not applicable here. See Sosebee, 893 F.2d at 56-57; Gar an, Inc., 907 F.Supp. at 401.
Although we recognize that we are not bound by the decisions of lower federal courts, see Carnival Corp. v. Carlisle, 953 So.2d 461, 465 (Fla.2007), we follow the Florida Supreme Court’s admonition that “because this is a maritime case, [the Florida Supreme] Court and the Florida district courts of appeal must adhere to the federal principles of harmony and uniformity when applying federal maritime law.” Id. at 470. See also Frango v. Royal Caribbean Cruises, Ltd., 891 So.2d 1208, 1211 (Fla. 3d DCA 2005) (finding that “one of the aims of maritime law is to promote uniformity in the exercise of admiralty jurisdiction [and that] [t]his aim is best advanced by following the majority rule”).
Accordingly, in the interests of conformity in exercising admiralty jurisdiction, we recede from Modesto’s holding to the extent it is inconsistent with this opinion, and hold that Florida’s offer of judgment statute was erroneously applied in the instant case. We, therefore, reverse the portion of the trial court’s order awarding Cox attorney’s fees and remand for proceedings consistent with this opinion
REVERSED AND REMANDED.

. RCCL only seeks reversal of the portion of the order awarding attorney’s fees.

. This Court has affirmed the judgment on the jury verdict in favor of Cox. Royal Caribbean Cruises, Ltd. v. Cox, 60 So.3d 418 (Fla. 3d DCA 2011).

. As to whether, as Gar an suggests, Modesto misconstrues Vaughan v. Atkinson, 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962), Modesto does not explain the basis for its reliance on Vaughan. Vaughan permitted the award of attorney’s fees in a maintenance and cure action, but the Court highlighted the fact that the ship owners "were callous in their attitude” and that "[a]s a result of that recalcitrance, [the seaman] was forced to hire a lawyer and go to court to get what was plainly owed to him under laws that are centuries old.” The Vaughan Court further concluded that the ship owners were "willful and persistent” in their failure to pay maintenance. Id. at 530-31. Although the Modesto court appears to suggest that Vaughan supports a fee award absent a finding of bad faith, the case law is to the contrary. See F.D. Rich Co. v. U.S. for Use of Indus. Lumber Co., 417 U.S. 116, 129-30, 129 n. 17, 94 S.Ct. 2157, 40 L.Ed.2d 703 (1974); Flores v. Carnival Cruise Lines, 47 F.3d 1120, 1127 (11th Cir.1995) (citing Nichols v. Barwick, 792 F.2d 1520, 1524 (11th Cir.1986)); Hilton Oil Transp. v. Oil Transp. Co., S.A., 659 So.2d 1141, 1153 (Fla. 3d DCA 1995).

. We further note that our sister court in Nicoll v. Magical Cruise Co., 110 So.3d 98, 99 (Fla. 5th DCA 2013), reached the same conclusion and held that "[u]nder federal admi *1161 ralty law, the prevailing party is not entitled to attorneys' fees absent circumstances not applicable here, even when a state statute establishes an entitlement to fees.”