NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MARCO MARINE CONSTRUCTION,
INC.,

        Appellant,

v.                                                        Case No.  2D17-1734

REBECCA KOPRAS,

        Appellee.
_____

Opinion filed April 17, 2019.

Appeal from the Circuit Court for Collier
County; Hugh D. Hayes, Judge.

Esther E. Galicia and James N. Hurley
of Fowler White Burnett, P.A., Miami,
for Appellant.

Rachael S. Loukonen, Jason Hunter
Korn, and Marshall P. Bender of Cohen
& Grigsby, P.C., Naples; and Christopher
D. Donovan of Roetzel & Andress, LPA,
Naples, for Appellee.


EN BANC

MORRIS, Judge.

Marco Marine Construction, Inc., appeals from a final judgment awarding Rebecca Kopras her attorneys' fees that were incurred in her negligence action against Marco. After Kopras prevailed in her negligence action, she filed a motion for fees pursuant to section 768.79, Florida Statutes (2012),[1] because she had served settlement proposals to Marco, which Marco rejected, during the pendency of the action. Citing Juneau Tanker Corp. v. Sims, 627 So. 2d 1230, 1232 (Fla. 2d DCA 1993), the trial court granted the motion. Because this case is governed by federal maritime law which holds generally that attorneys' fees may not be awarded pursuant to a state fee-shifting statute in an admiralty case, our decision in Juneau Tanker is in conflict with federal maritime law as it pertains to this issue. Accordingly, we hereby recede from Juneau Tanker and, in doing so, reverse the decision of the trial court.

BACKGROUND

The underlying negligence action arose after Kopras's boat suffered damage which she alleged was the result of negligent design and/or installation of the boatlift that Marco installed for her. In her suit, Kopras sought a judgment not only for damages to her vessel but also for loss of its use and diminution in value. In response, Marco asserted that Kopras was not entitled to damages for loss of use or diminution in value because the action was governed by federal maritime law which does not recognize such damages.

While the underlying action was pending, Kopras served Marco with three proposals for settlement pursuant to section 768.79. Marco did not accept any of the

_____

[1]Kopras also sought and was awarded costs as the prevailing party in accordance with section 57.041, Florida Statutes (2012). Marco is not challenging Kopras's entitlement to costs or the amount of costs awarded under that statute.

- 2 -

three proposals.  Also during that time, the trial court ruled that federal maritime law applied to the action, and as a result, Kopras was limited to solely seeking damages for the cost of repairing her vessel.

Following a jury trial, the jury returned a verdict in Kopras's favor, and she was awarded damages for the repair costs.[2]  She subsequently moved for an award of attorneys' fees based on her rejected settlement proposals.

Marco objected to the motion, arguing that fees should be denied because federal maritime law applies and it follows the American Rule which requires each party to pay its own attorneys' fees.  While acknowledging that our Juneau Tanker decision stood for the proposition that parties can recover attorneys' fees in maritime cases, Marco noted that this court had relied on another case, Royal Caribbean Corp. v. Modesto, 614 So. 2d 517 (Fla. 3d DCA 1992), which had since been receded from in Royal Caribbean Cruises, Ltd. v. Cox, 137 So. 3d 1157 (Fla. 3d DCA 2014).  Thus, Marco contended that because Modesto—the case that Juneau Tanker relied upon—was no longer good law, the trial court should decline to award fees pursuant to section 768.79.

Kopras responded by asserting that the doctrine of stare decisis required the trial court to adhere to Juneau Tanker and that it was binding on the trial court unless and until it was either receded from by this court or overruled by the Florida Supreme Court.

---

[2]Kopras appealed the final judgment, specifically challenging the trial court's ruling limiting her damages to the cost of repair.  On September 1, 2017, this court affirmed.  See Kopras v. Marco Marine Constr., Inc., 237 So. 3d 302 (Fla. 2d DCA 2017) (table decision).

Ultimately, the trial court agreed with Kopras that the doctrine of stare decisis required it to apply Juneau Tanker and to award fees pursuant to section 768.79. But, in doing so, the trial court acknowledged cases from other state and federal courts that declined to award fees in maritime cases. The trial court explained:

> While this Court determined on April 18, 2016 that this matter is governed by federal maritime law, . . . this court is nonetheless compelled to follow the holding of Juneau . . . wherein the Second District Court of Appeals [sic] reversed the denial of attorney's fees and costs in a maritime case based on Fla. Stat., § 768.79 and F. R. C. P., Rule 1.442. This Court is, however, cognizant of the rulings in Royal Caribbean Cruises, Ltd. v. Cox, 137 So. 3d 1157, 1161 (Fla. 3d DCA 2014), Nicoll v. Magical Cruise Co., 110 So. 3d 98, 99 (Fla. 5th DCA 2013), and Garan, Inc. v. M/V Aivik, 907 F. Supp. 397 (S.D. Fla. 1995), which were decided subsequent to, and contrary to, the decision in Juneau. Notwithstanding, the Court must follow the holding of Juneau.

(Footnote omitted).

ANALYSIS

The issue of whether federal maritime law applies to this case has already been resolved. Thus our focus is determining whether our decision in Juneau Tanker is in conflict with federal maritime law. We conclude that it is.

In Juneau Tanker, an appeal arising from a maritime personal injury action, we summarily reversed the trial court's denial of the appellee's motion for attorneys' fees. 627 So. 2d at 1232. Beyond citing to Modesto, however, we did not provide any further explanation. Id.

Modesto, in turn, only briefly addressed the issue of awarding attorneys' fees pursuant to section 768.79 in a maritime case. 614 So. 2d at 520. Noting that attorneys' fees awards "made pursuant to Florida law regarding offers of judgment are

- 4 -

intended to deter unnecessary litigation and encourage the timely settlement of claims," the Third District concluded that there was "no conflict between Florida's rules of law regarding offers of judgment and federal maritime law." Id. On that basis, the court reversed the order denying the appellee's motion for attorneys' fees. Id.

However, in 2014, the Third District revisited Modesto. In Cox, 137 So. 3d at 1159, the court receded from Modesto, holding "that the application of the offer of judgment statute conflicts with and interferes with federal maritime law." The court explained that "[f]ederal maritime law follows the American Rule regarding attorney's fees" and that that rule "provides that ordinarily each party must pay its own attorney's fees, absent an exception such as a federal statute, an enforceable contractual provision providing for fees, or a finding that the non-prevailing [sic] party engaged in bad-faith conduct." Id. None of those exceptions applied in that case.

While noting that state courts were entitled to apply state law to supplement federal maritime law where state law did not conflict or interfere with uniformity, the court was also careful to note that state law was inapplicable where: "(1) the state law is found to conflict with substantive maritime law, or (2) the state law affects remedies peculiar to maritime law." Id. at 1160 (quoting Norwegian Cruise Lines, Ltd. v. Zareno, 712 So. 2d 791, 793 (Fla. 3d DCA 1998)). After citing a plethora of federal case law for the proposition that application of state fee-shifting statutes, including section 768.79, "conflicts with maritime law and violates the important maritime principle of uniformity," the court concluded that "Florida's offer of judgment statute conflicts with the general rule of federal maritime law that parties pay their own fees absent an exception." Cox, 137 So. 3d at 1160-61. In doing so, the court

recognized that it was not bound by lower federal court decisions, but it also acknowledged the Florida Supreme Court's admonition to "adhere to the federal principles of harmony and uniformity when applying federal maritime law." Id. at 1161 (quoting Carnival Corp. v. Carlisle, 953 So. 2d 461, 470 (Fla. 2007)). Thus, the decision to recede from Modesto was rooted "in the interests of conformity in exercising [maritime] jurisdiction." Id.

The Third District is not the only Florida appellate court that bars the recovery of section 768.79 attorneys' fees in maritime cases. The Fifth District Court of Appeal holds similarly. See Nicoll v. Magical Cruise Co., 110 So. 3d 98, 99 (Fla. 5th DCA 2013) ("Under federal admiralty law, the prevailing party is not entitled to attorneys' fees absent circumstances not applicable here, even when a state statute establishes an entitlement to fees." (citations omitted)). And, as noted by the Third District, numerous federal courts have rejected the application of various state fee-shifting statutes as conflicting with federal maritime law and/or violating principles of uniformity. See, e.g., Misener Marine Constr., Inc. v. Norfolk Dredging Co., 594 F.3d 832, 841 (11th Cir. 2010) (holding that Georgia statute that established entitlement to prevailing party attorneys' fees in construction contract disputes directly conflicted with the American Rule which is a "principle of substantive maritime law" and that appellee's request for attorneys' fees in maritime case was thus properly denied); Texas A&M Research Found. v. Magna Transp., Inc., 338 F.3d 394, 405-06 (5th Cir. 2003) (concluding that adherence to the American Rule, in conjunction with the need for uniformity in federal maritime law, precluded application of Texas statute that permitted award of attorneys' fees to party seeking to recover for breach of contract in a maritime

contract dispute); <u>Southworth Machinery Co. v. F/V COREY PRIDE</u>, 994 F.2d 37, 41 (1st Cir. 1993) (rejecting application of Massachusetts statute that permitted award of attorneys' fees where it was inconsistent with maritime law); <u>Sosebee v. Rath</u>, 893 F.2d 54, 56-57 (3d Cir. 1990) (explaining that "[t]here is a strong interest in maintaining uniformity in maritime law" and holding that Virgin Islands statute that permitted award of prevailing party attorneys' fees could not be applied in federal maritime case because it conflicted with general prohibition of fee awards in maritime cases); <u>Garan, Inc. v. M/V Aivik</u>, 907 F. Supp. 397, 400-01 (S.D. Fla. 1995) (rejecting <u>Modesto</u> and holding that section 768.79 conflicts with the American Rule and that application of it "would frustrate the need for uniformity in the admiralty jurisdiction and is preempted by federal maritime common law"); <u>see also</u> <u>Tai-Pan, Inc. v. Keith Marine, Inc.</u>, No. 95-338-CIV-J-20, 1997 WL 714898 at *10 (M.D. Fla. 1997) (agreeing with <u>Garan</u> that section 768.79 conflicts with the American Rule).

Here, as in <u>Cox</u>, none of the exceptions to the American Rule apply. Thus because the American Rule generally bars an award of attorneys' fees in a maritime case absent one of those exceptions, an award of attorneys' fees pursuant to section 768.79 in such a case "violates the important maritime principle of uniformity." <u>Cox</u>, 137 So. 3d at 1160.[3] <u>Juneau Tanker</u> was based on case law that has since been receded from, and we are now convinced that the underlying premise of <u>Juneau Tanker</u> is no longer good law. Consequently, we align ourselves with the federal and other Florida

_____

[3]We are not persuaded by Kopras's argument that the offering and rejecting of proposals for settlement are peripheral actions to the underlying maritime case for which maritime law is inapplicable, and we will not address this argument further. We similarly reject Kopras's other arguments, including the argument that, at the very least, she is entitled to an award for fees incurred prior to the trial court's determination that the case was governed by federal maritime law.

- 7 -

appellate courts that hold that absent certain exceptions, a state fee-shifting statute—such as section 768.79—may not be applied where it conflicts with federal maritime law. For these reasons, we hereby recede from <u>Juneau</u> and reverse the award of attorneys' fees to Kopras.

Reversed.

LaROSE, C.J., and NORTHCUTT, CASANUEVA, SILBERMAN, KELLY, VILLANTI, KHOUZAM, BLACK, SLEET, LUCAS, SALARIO, BADALAMENTI, ROTHSTEIN-YOUAKIM, ATKINSON, and SMITH, JJ., Concur.